UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COMMUNITIES AGAINST RUNWAY EXPANSION, INC., <br><br> Plaintiff, <br><br> v. <br><br> FEDERAL AVIATION ADMINISTRATION, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) <br><br> **04 10846 GAO** <br><br> CIVIL ACTION <br> No. |

**04 10846 GAO**

MAGISTRATE JUDGE _____

**COMPLAINT FOR DECLARATORY, INJUNCTIVE AND OTHER EQUITABLE RELIEF**

1.  This is an action brought pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(a), seeking the release of records of the defendant Federal Aviation Administration ("FAA") related to the proposed new Runway 14/32 at Logan Airport, which records the FAA has withheld and/or failed to produce in response to a FOIA request made by the plaintiff.

**PARTIES**

2.  Plaintiff Communities Against Runway Expansion, Inc. ("CARE") is a non-profit corporation organized under the laws of Massachusetts to protect the communities in the metropolitan Boston area from the adverse effects of the proposed expansion of Logan Airport. CARE's principal office is located at 47 Edgehill Road, Winthrop, Massachusetts.

3.  Defendant Federal Aviation Administration is an agency of the United States having its headquarters office at 800 Independence Avenue, S.W., Washington, D.C. and a New England Regional office located at 12 New England Executive Park, Burlington, Massachusetts.

## JURISDICTION AND VENUE

4. This court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) (FOIA); 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 1346(a)(2) (United States as defendant); and 28 U.S.C. § 2201 (declaratory judgment). Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B).

## FACTUAL STATEMENT

5. In this action the plaintiff is seeking the release of certain records of the FAA related to its review of the Environmental Impact Statement ("EIS") for the Airside Improvements Planning Project (the "project") at Logan Airport (the "airport"), Boston, Massachusetts. The project is proposed by the Massachusetts Port Authority ("Massport"), the owner and operator of the airport. The project includes a new 5,000-foot Runway 14/32 which Massport has proposed to reduce airport delays, particularly delays caused by high northwest winds.

6. The FAA has reviewed the project because the FAA has responsibility for (a) processing and approval of Massport's application for federal grant-in-aid funds for the project under 49 U.S.C. §§ 47101 et seq. and Passenger Facility Charge funds under 49 U.S.C. § 40117; (b) approval of changes to the Logan Airport Layout Plan; and (c) preparation of the EIS for this project as required under the National Environmental Policy Act of 1969 ("NEPA"), 42 U.S.C. § 4332(2)(C).

7. After the FAA published a Draft EIS (February 1999) and a Supplemental Draft EIS (March 2001) for the project, in August 2001 the FAA requested that The MITRE Corporation ("MITRE")'s Center for Advanced Aviation System Development ("CAASD") review and comment on four specific topics which had arisen in public comments during the EIS process regarding the

reasonableness of the assumptions and facts used in the Supplemental Draft EIS about the need for and prospective utility of the proposed runway.

8. MITRE is a not-for-profit corporation which was incorporated under the laws of Delaware in 1958. The CAASD is one of three independent federally funded research and development centers managed by MITRE.

9. In late June of 2002 the FAA published its Final EIS for the Project, which included in Appendix J what purports to be a summary of MITRE's conclusions. On August 2, 2002, the FAA published its Record of Decision approving the project.

10. By letter dated January 29, 2003, as supplemented by letters dated February 6, 2003 and February 13, 2003, the plaintiff submitted a FOIA request to the FAA seeking copies of (a) records in the possession, custody or control of the FAA which were prepared for, or resulted from, meetings and telephone conference calls held with representatives of MITRE, Massport, and/or Massport's consultants regarding MITRE's review of the project; and (b) FAA records with regard to past, present, or potential future FAA funding of construction of the Project. In the January 29, 2003 letter the plaintiff sought a waiver of search and copying fees.

11. By letter dated February 14, 2003 from Christopher Porada, Acting Regional Counsel, FAA New England Region, the FAA denied the request for a fee waiver. By letter dated February 26, 2003 the plaintiff sought reconsideration of the denial of the fee waiver request.

12. On March 17, 2003 the FAA made available for inspection at the offices of its New England Region in Burlington, Massachusetts, certain of the records requested by the plaintiff relative to FAA funding of construction of the project. After inspection, those records marked by counsel for the plaintiff were copied and provided to the plaintiff.

13.   By letter dated April 4, 2003 from Amy L. Corbett, the FAA's New England Regional Administrator, the FAA released and sent to the plaintiff ten records responsive to MITRE's review of the project, which records were received by the plaintiff on April 17, 2003.

14.   In the FAA's April 4, 2003 letter, however, the FAA determined that it would not release ten additional categories of records on the grounds that these records "contain recommendations, opinions, analysis, and attorney-client, and/or attorney work-product privileged documents" which the FAA asserted qualify for withholding under the deliberative process privilege incorporated into FOIA Exemption 5, 5 U.S.C. § 552(b)(5). The records withheld by the FAA, which are the subject of this complaint, are as follows:

   a.   Various drafts of the Final EIS for the project dated October 2001, November 2001, December 2001, January 2002, March 22, 2002 (including transmittal memo), June 2002, and June 30, 2002 (with supporting e-mail memos);

   b.   Approximately 300 pages of various "agendas, memoranda, power-point presentations, attorney-client privileged documents, attorney-work product privileged documents, and drafts of text of the published FEIS."

   c.   Approximately 100 pages of "approximately 22 various pre-decisional, internal e-mails, and draft memos."

15.   On April 10, 2003, the plaintiff appealed the FAA's partial denial of this FOIA request to the FAA's Assistant Administrator for Regions and Center Operations, in accordance with the FAA's FOIA regulations. In its appeal the plaintiff requested that the FAA segregate the deliberative portions of the withheld records and release the remainder of the records and provide a more complete description of the remaining documents withheld.

16. By letter dated April 20, 2004, Ruth Leverenz, the FAA's Assistant Administrator for Regions & Center Operations, determined that the FAA's New England Region had properly withheld the majority of documents pursuant to Exemption 5, except for approximately 40 pages of the requested records which should not have been withheld. Copies of the latter records were provided to the plaintiff with the April 20, 2004 letter.

17. The FAA's April 20, 2004 determination constitutes the FAA's final administrative action with regard to this matter.

## CLAIMS FOR RELIEF

18. Each of the records requested by the plaintiff which is still being withheld by the FAA is a "record" within the meaning of 5 U.S.C. § 552(a)(3)(A) and as further defined in 5 U.S.C. § 552(f).

19. The plaintiff's FOIA request was made in accordance with the procedures of 5 U.S.C. § 552(a) and the FAA's FOIA procedures as contained in 49 CFR Part 7 and FAA Order 1270.1 (June 13, 2000).

20. The FAA has improperly withheld and failed to make the records available for inspection and copying as required by 5 U.S.C. § 552(a)(2) and (3) and has improperly denied the plaintiff's fee waiver request.

## PRAYERS FOR RELIEF

WHEREFORE, the plaintiff prays that this Court:

1. Enjoin the FAA from withholding the records and order the production of the records sought by the plaintiff.

2. Require that the FAA prepare and provide to the plaintiff a "Vaughn index" which

properly describes the records being withheld and the reasons therefor.

       3.       After consideration of the merits, enter a declaratory judgment in favor of plaintiff.

       4.       In accordance with 5 U.S.C. § 552(a)(4)(F) assess reasonable attorney fees and other litigation costs against the United States.

       5.       Enter such other relief as the Court deems appropriate.

> Communities Against Runway Expansion, Inc.
> By its attorney,
>
> /s/ Peter L. Koff
>
> Peter L. Koff/BBO #276520
> Engel & Schultz, P.C.
> 125 High Street, Suite 2601
> Boston, MA 02110
> 617-951-9980

Dated: April 28, 2004