UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COMMUNITIES AGAINST RUNWAY EXPANSION, INC., <br><br> Plaintiff, <br><br> v. <br><br> FEDERAL AVIATION ADMINISTRATION, <br><br> Defendant. | Civil Action No.: 04-10846-GAO |

## ANSWER OF THE FEDERAL AVIATION ADMINISTRATION

The Defendant, Federal Aviation Administration ("FAA"), through undersigned counsel, responds to the numbered paragraphs in the Plaintiff's Complaint in the above captioned action.

1. The FAA admits paragraph 1 of the Complaint.

2. The FAA lacks sufficient information to form a belief as to the truth of the allegations in paragraph 2 of the Complaint, and therefore denies them.

3. The FAA admits the allegations in paragraph 3 of the Complaint.

4. The allegations in paragraph 4 of the Complaint involve issues of jurisdiction and venue, which are questions of law that the FAA respectfully refers to the Court for determination.

5. The FAA denies that it reviewed the Environmental Impact Statement (EIS). Instead, it produced the Environmental Impact Statement. Otherwise, the FAA admits the allegations in paragraph 5 of the Complaint.

6. The FAA admits that it reviewed the Airside Improvements Planning Project. Paragraph 6 of the Complaint, however, also purports to interpret several Federal statutes, and the

statutes themselves are the best evidence of their contents. In addition, the allegations in paragraph 6 of the Complaint contain conclusions of law that the FAA respectfully refers to the Court for determination.

7. The FAA denies that public comments were the reason the FAA asked MITRE Corporation's Center for Advanced Aviation System Development (CAASD) to review and comment on certain topics. The FAA asked MITRE's CAASD to review and comment on the FAA's own volition. Otherwise, the FAA admits the allegations in Paragraph 7 of the Complaint.

8. The FAA admits the allegations in Paragraph 8 of the Complaint.

9. The FAA denies that Appendix J of the Final EIS is a summary of MITRE's report. Appendix J is the report itself. Otherwise, the FAA admits the allegations in Paragraph 9.

10. The FAA admits the allegations in Paragraph 10 of the Complaint.

11. The Acting Regional Counsel's surname is spelled "Poreda," rather than "Porada." Otherwise, the FAA admits the allegations in Paragraph 11 of the Complaint.

12. The FAA denies that the records it made available on March 17, 2003, related only to FAA funding of construction of the project. While some of the records related to FAA funding of construction, others did not. Otherwise, the FAA admits the allegations in Paragraph 12 of the Complaint.

13. The FAA is without information sufficient to admit or deny whether Plaintiff received the records on April 17, 2003. Otherwise, the FAA admits the allegations in Paragraph 13 of the Complaint.

14. The FAA admits the allegations in Paragraph 14 of the Complaint.

15. The FAA admits the allegations in Paragraph 15 of the Complaint.

16. The FAA admits the allegations in Paragraph 16 of the Complaint.

17. The FAA admits the allegations in Paragraph 17 of the Complaint.

18. Paragraph 18 of the Complaint contains conclusions of law that the FAA respectfully refers to the Court for determination.

19. Paragraph 19 of the Complaint contains conclusions of law that the FAA respectfully refers to the Court for determination.

20. The FAA denies that it withheld records improperly. Further, the FAA denies that it improperly denied the Plaintiff's fee waiver request.

21. All allegations not specifically addressed in this Answer are denied.

**AFFIRMATIVE DEFENSES**

1. The doctrine of issue preclusion bars relitigation of the issue of whether the FAA must release MITRE's draft work product. In a previous case brought by Plaintiff against the FAA seeking review of the FAA's order approving the construction of the new runway, the U.S. Court of Appeals for the D.C. Circuit held that the FAA was not obligated to release the same draft documents. The D.C. Circuit stated:

> We likewise reject CARE's claim that the FAA was obligated to disclose MITRE's draft work product. As an initial matter, CARE cites no provision of NEPA or its implementing regulations, ***the APA [which includes the FOIA], or any FAA regulation requiring the disclosure of an EIS contractor's draft work product.***

Communities Against Runway Expansion v. Federal Aviation Administration, 359 F.3d 678, 688 (D.C. Cir. 2004) (emphasis added).

2. The FAA properly withheld the records under Exemption 5 of the Freedom of Information Act (FOIA). Exemption 5 protects "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5) (2004).

3. Specifically, the FAA properly withheld the records because one or more of the following privileges within the ambit of Exemption 5 of FOIA applied to each withheld record: the deliberative process privilege, the attorney work-product privilege, or the attorney-client privilege.

4. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

WHEREFORE, the FAA denies that Plaintiff is entitled to the relief it seeks in its Complaint, or to any relief whatsoever.  The FAA respectfully requests that the Court:

1. Dismiss Plaintiff's Complaint with prejudice;

2. Enter judgment for the Defendant FAA; and

3. Award the United States other just and proper relief.

        Respectfully submitted,

        FEDERAL AVIATION ADMINISTRATION

        MICHAEL J. SULLIVAN
        United States Attorney

**Of Counsel:**
Sheila A. Skojec
Senior Attorney
Litigation Division
Federal Aviation Administration
600 Independence Ave., S.W.
2nd Floor, AGC-430
Washington, DC  20591
202-385-8228 (Voice)
202-493-5142 (Fax)
sheila.skojec@faa.gov

By:   /s/ Anton P. Giedt
Anton P. Giedt
Assistant U.S. Attorney
1 Courthouse Way
Boston, MA 02210
617-748-3309 (Voice)
617-748-3971 (Fax)
anton.giedt@usdoj.gov

---

**CERTIFICATE OF SERVICE**

Suffolk, ss.        Boston, Massachusetts
        DATE: May 28, 2004

I, Anton P. Giedt, Assistant U.S. Attorney, do hereby certify that I have this day served a copy of the foregoing upon the Plaintiff 's counsel of record by First Class Mail.

        /s/ Anton P. Giedt
        Anton P. Giedt
        Assistant U.S. Attorney

**PLAINTIFF  COUNSEL:**
Peter J. Koff
Engle & Shultz, P.C.
125 High Street, Suite 2601
Boston, MA 02110
617-951-9980 (Voice)
617-951-0048 (Fax)

**AGENCY COUNSEL**:
Sheila Skojec
Senior Attorney
Litigation Division
Federal Aviation Administration
600 Independence Ave., S.W.
2nd Floor, AGC-430
Washington, DC  20591
202-385-8228 (Voice)
202-493-5142 (Fax)
sheila.skojec@faa.gov